IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEROME YAZZIE,

    Petitioner,

vs.

UNITED STATES of AMERICA,

    Respondent.

No. 1:20-cv-00160-PJK-JHR
No. 1:11-cr-03108-PJK-JHR-1

ORDER

THIS MATTER comes on for consideration of Jerome Yazzie's unauthorized second or successive motion under 28 U.S.C. § 2255 (ECF No. 215, 1:11-cr-03108-PJK-JHR; ECF No. 1, 1:20-cv-00160-PJK-JHR). A jury convicted Mr. Yazzie on five counts, including aggravated burglary, robbery, kidnapping, and carrying, using and possessing a firearm in relation to crimes of violence. Mr. Yazzie received an enhanced sentence pursuant to 18 U.S.C. § 924(c) because (1) the jury found that he discharged the firearm while committing robbery and aggravated burglary, and (2) he was convicted of two different violations of § 924. Mr. Yazzie claims, in part, that his sentence should be reviewed in light of the Supreme Court's finding that the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3) is unconstitutionally vague. See United States v. Davis, __ U.S. __, 139 S. Ct. 2319 (2019).

This court lacks jurisdiction to entertain a second or successive § 2255 motion

unless the movant first obtains authorization from the circuit court of appeals pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). See United States v. McKye, 947 F.3d 1293, 1295 (10th Cir. 2020). This court may transfer an unauthorized second or successive motion to the circuit court of appeals under 28 U.S.C. § 1631 if it finds that such a transfer is "in the interest of justice." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).

The court finds that it is in the interest of justice to transfer this motion to the United States Court of Appeals for the Tenth Circuit. Mr. Yazzie was exposed to the mandatory minimum sentences of § 924(c)(1)(A) because his acts fit the definition of "crime of violence" contained in § 924(c)(3)(B). The United States Supreme Court has since held that definition unconstitutionally vague. Davis, 139 S. Ct. at 2324. The Tenth Circuit has determined that Davis announced a "new constitutional rule that is retroactive on collateral review," as required to justify a 28 U.S.C. § 2255(h)(2) certification. United States v. Bowen, 936 F.3d 1091, 1097–98 (10th Cir. 2019); In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019). The court finds no indication that Mr. Yazzie's motion was not filed in good faith. See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). The interests of justice would be served by transferring this motion to allow Mr. Yazzie to seek certification.

IT IS THEREFORE ORDERED that the defendant's motion (ECF No. 215, 1:11-cr-03108-PJK-JHR; ECF No. 1, 1:20-cv-00160-PJK-JHR) is an unauthorized second or successive motion under 28 U.S.C. § 2255 that is hereby TRANSFERRED to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's motion (ECF No. 215, 1:11-cr-03108-PJK-JHR; ECF No. 1, 1:20-cv-00160-PJK-JHR) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).

DATED this 4th day of March 2020, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation