IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEROME YAZZIE,

      Petitioner,

vs.

      No. 20-cv-0160-PJK-JHR
      No. 11-cr-03108-PJK-JHR-1

UNITED STATES of AMERICA,

      Respondent.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Jerome Yazzie's Motion to Vacate and Set Aside Judgment and for Re-sentencing under 28 U.S.C. § 2255 [CV Doc. 18][1], filed July 9, 2020. Pursuant to 28 U.S.C. § 636(b), presiding Circuit Judge Paul Kelly, Jr. (presiding by designation) referred this case to me to "conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend a disposition." [CV Doc. 13]. Having thoroughly reviewed the parties' submissions and the relevant law, I recommend granting Yazzie's motion, vacating counts 3 and 5 of his Indictment, and setting this case for resentencing.

### I.    BACKGROUND

After a jury trial, Yazzie was convicted on five counts on October 17, 2012:

Count 1: 18 U.S.C. § 1153 and NMSA § 30-16-4(C), aggravated burglary in Indian country;

Count 2: 18 U.S.C. §§ 1153, 2111, robbery in Indian country;

Count 3: 18 U.S.C. § 924(c), carrying, using and possessing a firearm in relation to a crime of violence;

Count 4: 18 U.S.C. §§ 1153 and 1201(a)(2), kidnapping; and

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, 1: 20-cv-0160-PJK-JHR.

1

Count 5: 18 U.S.C. § 924(c), using and carrying a firearm during and in relation to a crime of violation, namely kidnapping.

[CR Docs. 2, 130].[2]

Count 3 of Yazzie's Indictment charged him with a § 924(c) violation predicated on "[a]ggravated [b]urglary as charged in count 1 of this indictment and [r]obbery as charged in count 2 of this indictment." [CR Doc. 2, p. 2; *see* CR Doc. 127, pp. 4-5]. Pursuant to the Court's instruction No. 14, the jury had to find Yazzie guilty of Count 3 if the "government . . . proved . . . beyond a reasonable doubt: [*f*]*irst*: the defendant committed the crime of [a]ggravated [b]urglary or the crime of [r]obbery . . .[and] [*t*]*hird*: during and in relation to the [a]ggravated [b]urglary or [r]obbery." [CR Doc. 127, p. 22]. The jury found Yazzie guilty of Count 3 on a general verdict with answers to written questions. [CR Doc. 130, p. 1]. The only written question pertaining to Count 3 is whether Yazzie discharged a firearm. [*Id.*]. The jury acquitted Yazzie on a charge of felon in possession of a firearm despite Yazzie's concession of the felon status and interstate nexus elements. [CR Doc. 130, p. 1; *see* CV Doc. 22, p. 4; CR Docs. 128, p. 2; 132, p. 4].

On April 10, 2013, Yazzie was sentenced to 5 years each, run concurrently, for the three non § 924(c) counts, plus 10 years for Count 3 and 25 years for Count 5, run consecutively, for a total sentence of 40 years. [CR Docs. 150, 153].

Yazzie filed a previous § 2255 motion which was resolved on May 31, 2017. [CR Doc. 214]. The Tenth Circuit then granted Yazzie authorization to file a second or successive § 2255 motion in this Court challenging his conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). [CV Doc. 7].

After being granted counsel, Yazzie filed the amended § 2255 motion currently before the

---

[2] All citations to "CR Doc." refer to documents filed in the criminal case, 1:11-cr-03108-PJK-JHR-1.

court. [CV Doc. 18]. Yazzie asks the Court to vacate counts 3 and 5 (the § 924(c) counts) of his Indictment because the predicate crimes of violence for those counts are no longer crimes of violence after *Davis*. [*See id.*]. The United States responded on July 30, 2020, conceding that Count 5 should be vacated, but arguing in support of Count 3. [*See* CV Doc. 19]. The United States further asks the Court to remand for resentencing in accordance with the "sentencing package doctrine." [*Id.*, p. 2]. Yazzie replied on August 20, 2020, and then filed a supplemental brief in support of his § 2255 motion on October 10, 2020. [CV Docs. 22, 26].

## II. DISCUSSION

### a. Count 3

The United States argues that Count 3 should remain because Yazzie procedurally defaulted the claim, or alternatively, that any error in Count 3 was harmless. [CV Doc. 19, p. 1]. The United States argues that Yazzie procedurally defaulted on his claim because Yazzie did not raise his § 924(c) claims on direct appeal. [*Id.*, p. 6].[3] Yazzie can overcome the procedural default bar by showing cause and actual prejudice. *See United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017). Here, the United States concedes, and I agree, that Yazzie meets the "cause" requirement. [*Id.*, p. 6, n. 8].

#### i. Prejudice

For "prejudice," Yazzie must show that the error he alleges worked to his actual and substantial disadvantage. *See Murray v. Carrier*, 477 U.S. 478, 494 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). For cases where the jury had two independent alternative grounds for conviction and one of the independent grounds is invalidated, there is prejudice unless the Court can be assured the jury did in fact rely on the valid ground or the jury necessarily made the findings

---

[3] Because I find that Yazzie overcomes the procedural default bar, I do not resolve whether Yazzie actually procedurally defaulted.

required to support a conviction on the valid ground. *United States v. Holland*, 116 F.3d 1353, 1358 (10th Cir. 1997), *overruled on other grounds*, *Bousley v. United States*, 523 U.S. 614 (1998). *Holland* relied on *United States v. Miller*, which held that when the jury instruction defining one of the two alternative grounds for conviction was legally erroneous, there is prejudice unless the Court can determine with absolute certainty that the jury based its verdict on the ground on which it was correctly instructed. 84 F.3d 1244, 1256-61 (10th Cir. 1996).

Here, the jury had two independent alternative grounds for convicting Yazzie on Count 3 and one of the independent grounds, i.e. aggravated burglary, is invalid.[4] The jury returned a general verdict with written questions, but the sole written question regarding Count 3 offers no insight on whether Jury convicted Yazzie based on aggravated burglary or robbery. [*See* CR Doc. 130, p. 1]. Neither the Indictment nor the Jury Instruction are helpful on this point since they both refer to aggravated burglary and/or robbery. [*See* CR Docs. 2, p. 2; 127 pp. 4-5, 22]. Furthermore, the jury acquitted Yazzie on a felon in possession of a firearm violation despite Yazzie's concession of the felon status and interstate nexus elements. [CR Doc. 130, p. 1; *see* CV Doc. 22, p. 4; CR Docs 128, p. 2; 132, p. 4]. The jury may have logically found that Yazzie did not knowingly possess a firearm since it is the only outstanding element in a felon in possession violation. [CV Doc. 22, p. 4; CR Doc. 127, p. 26]. Because the jury 1) may have found that Yazzie did not knowingly possess a firearm, and 2) returned a general verdict, I cannot determine with absolute certainty that jury did in fact rely on the valid ground, or that jury necessarily made the findings required to support a conviction on the valid ground.

Because the United States concedes that aggravated burglary cannot serve as a predicate for a § 924(c) violation and I am not absolute certain that jury convicted Yazzie on robbery, I

---

[4] The United States concedes this point, and I agree, that aggravated burglary cannot serve as a crime of violence after *Davis*. [CV Doc. 19, p. 2, n. 1].

therefore find that Yazzie meets the "prejudice" requirement.

### ii. Harmless Error

The United States asks the Court to apply harmless error in light of the record as whole; that is to say that the United States wants the Court to determine whether it was harmless to instruct the jury that aggravated burglary is a crime of violence. [CR Doc. 19, p. 12]. However, for cases involving two independent grounds for conviction, where one of the independent grounds is invalid, the harmless error analysis is separately applied to the erroneously instructed ground considered. *United States v. Holly*, 488 F.3d 1298, 1306, 1307-11 (10th Cir. 2007) (The erroneously instructed ground is considered separately.). Furthermore, no harmless error analysis is necessary if there was no circumstance under which a conviction based on the invalid ground could be upheld. *Id.* at 1305 (citing *Stromberg v. California*, 283 U.S. 359, 369 (1931)).

Here, there is no circumstance under which a conviction of the § 924(c) violation based on the aggravated burglary could be upheld since aggravated burglary is not a crime of violence after *Davis*. [*See* CV Doc. 19, p. 2, n. 1]. Therefore, I find that harmless error is inapplicable here.

In sum, Count 3 should be vacated.

### b. Count 5

Because the United States concedes that kidnapping cannot serve as a predicate for Count 5, and I agree, I therefore recommend vacating Count 5.

### c. Resentencing

The United States asks the Court to remand for resentencing in accordance with the sentencing packaging doctrine. [CR Doc. 19, pp. 14-15]. Yazzie did not object. The sentencing packaging doctrine treats the § 924(c) convictions and the underlying crime of violence as interdependent for resentencing purposes and is the law of the 10th Circuit. *See United States v.*

*Easterling*, 157 F.3d 1220, 1223 (10th Cir. 1998). Therefore, based on the sentencing packaging doctrine, I need to treat counts 1, 2, and 3 as one sentence, and counts 4 and 5 as another sentence. Since Yazzie petitions for vacatur of counts 3 and 5, he petitions for vacatur for a portion of his two amalgamated sentences. Because petitioning for vacatur of one portion of an amalgamated sentence attacks the entire sentence, the Court is entitled to revisit the entire sentence. *See id.* at 1224. Therefore, I recommend vacating counts 3 and 5, and remanding the case for resentencing on counts 1, 2, and 4.

### III. RECOMMENDATION

For the above reasons, I therefore recommend granting Yazzie's motion, vacating counts 3 and 5 of his Indictment, and setting this case for resentencing.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**